AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

United States of America

v.

SAMANTHA LEIGH KIMBROUGH

*Defendant*

Case No. MJ 10-146-N

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____.

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a)

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

☐     under 18 U.S.C. § 924(c).

☐ (2)     The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

☐ (1)     There is a serious risk that the defendant will not appear.

☒ (2)     There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II— Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes by ☒ clear and convincing evidence

☐ that there are no conditions or combination of conditions that will reasonably assure the safety of the community.  Ms. Kimbrough has no criminal history, and currently stable employment though her financial resources are limited.  Her mother testified that Ms. Kimbrough has been depressed recently due to a failed relationship.  However the nature and circumstances of the instant offense coupled with the weight of the evidence against her support an order of detention in this case.  Ms. Kimbrough admitted to the arresting officer her involvement in this criminal activity.  On or about May 15, 2010 Ms. Kimbrough attempted to set fire to a residence of Ms. J. Miller.  On or about July 7, 2010 Ms. Kimbrough threw a Molotov cocktail onto the property of Dreamland Skate Center.  At some point thereafter, Ms. Kimbrough threw a pipe bomb she constructed (which failed to detonate) onto Ms. Miller's driveway.  On or about August 21, 2010 Ms. Kimbrough put a pipe bomb into the air conditioning unit at Dreamland Skate Center – the explosion ripped through the unit, with projectiles from the bomb traveling some 375 feet through a fence of a neighboring church parking lot. After her arrest 2 pipe bombs were found in Ms. Kimbrough's vehicle and upon a subsequent search of her residence agents located 3 pipe bombs in her bedroom closet and 2 more in her backpack.  Additionally, agents recovered bomb making materials, marijuana, cocaine residue and drug paraphernalia in her room.  The evidence reflects a pattern of behavior that constitutes an ongoing danger to the community.  Due to the nature of the crime there are no conditions that could be imposed that would reasonably assure the safety of the community.

---

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a)

## Part III—Directions Regarding Detention

   The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  September 1, 2010

s/KATHERINE P. NELSON

*Judge's Signature*

UNITED STATES MAGISTRATE JUDGE

*Name and Title*

---

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a)